**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 13-10270 |
| Plaintiff - Appellee, | 13-10271 |
| v. | D.C. Nos. 2:12-cr-00220-KJD |
| | 2:12-cr-00158-KJD |
| SAMUEL RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

In these consolidated appeals, Samuel Rodriguez appeals from the 74-month

sentence imposed following his guilty-plea conviction for being a deported alien

found unlawfully in the United States, in violation of 8 U.S.C. § 1326; and the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

eight-month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rodriguez contends that his 82-month aggregate sentence is substantively unreasonable. He argues that the court should have imposed an aggregate sentence of no more than 70 months. The district court did not abuse its discretion in imposing Rodriguez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Rodriguez's criminal history and seven previous deportations. *See id.* Moreover, in light of Rodriguez's failure to be deterred and breach of the court's trust, the court did not abuse its discretion by ordering that his eight-month revocation sentence be served consecutively to the 74-month sentence. *See* U.S.S.G. § 7B1.3(f); *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (at a revocation sentencing, the district court can sanction a violator for his breach of trust).

**AFFIRMED.**